JUSTICE RICE,
specially concurring.
¶45 I concur with the holding of the Court, hut not in the entirety of the rationale employed.
¶46 The Court holds that there is a reasonable expectation of privacy to “anything stored” in the trunk of a vehicle, and, without saying, necessarily also holds that this expectation of privacy extends to any contraband stored therein, and the odors which emanate therefrom. While I agree that there is a reasonable expectation of privacy in the trunk of one’s vehicle, I disagree that such expectation has a blanket effect which extends to contraband and its odors, and am confident that society does not recognize the same as objectively reasonable. Although the privacy interest in a trunk makes a physical intrusion therein by law enforcement a search which must be supported by probable cause, that same protection does not attach to drug odors which escape from the trunk and enter public places, where they can be detected by a trained dog. That is not to say that law enforcement may conduct dog sniffs in public places at random and without justification, as there may be privacy interests, not at issue in this case, which extend to public places. I simply disagree with the proposition that contraband odors which emanate into public places from within a closed trunk are shrouded with a privacy protection that would apply in all cases, regardless of the facts.
¶47 Such a view regarding air molecules which have escaped to the public domain has been adopted by various courts, including those who have analyzed the issue on the basis of state constitutional privacy protections. For example, in State v. Smith (Or. 1998), 963 P.2d 642, the Oregon Supreme Court considered whether a dog sniff to detect the presence of drug odors outside a storage unit, which it defined as a “clearly defined, private space,” was a search, and concluded that “[t]he clear import ... is that, at least when they are conducted in a public place, dog sniffs are not searches. And, because they are not, the protections of Article I, section 9-including the warrant requirement-do not apply.” Smith, 963 P.2d at 647.
¶48 However, I do not believe that the sniff here occurred in a public place, as the Court surmises. Tackitt’s vehicle was sitting off the public access road in an area immediately adjacent to his mobile home, which sat in a mobile home park with many other homes. Tackitt was *74 afforded the right to use the parking space exclusively, and did so, excluding other residents from the space. Although the District Court did not discuss the evidence introduced regarding Tackitt’s exclusive right to use the parking space, noting only that the space was “in an open location and accessible to view by anyone” and “was adjacent to and accessible from the roadway,” the District Court did find that when Tackitt’s vehicle was sniffed, it was “parked in the parking area at” 101 Ridgewood Terrace Drive, Tackitt’s address. Thus, the parking area was a kind of “driveway” for Tackitt’s home. Although this driveway was not as clearly defined as other driveways may be, and could be easily accessed from the public road within the mobile home park, I believe that society recognizes as objectively reasonable that an expectation of privacy would attach to such property. Therefore, Tackitt reasonably held such an expectation, and could assume that while his vehicle was parked there, it would not be intruded upon without proper justification.
¶49 After comparing the nature of this privacy interest with the minimal intrusive nature and the limited information pertaining only to contraband that is revealed by a dog sniff (“[T]he canine sniff is sui generis. We are aware of no other investigative procedure that is so limited both in the manner in which the information is obtained and in the content of the information revealed by the procedure.” United States v. Place (1983), 462 U.S. 696, 707, 103 S.Ct. 2637, 2644-45, 77 L.Ed.2d 110, 121), I concur that law enforcement needed only particularized suspicion to conduct the sniff of the exterior of Tackitt’s vehicle on this property. Further, the Court has correctly concluded that the evidence here was insufficient to constitute particularized suspicion, given the lack of identity or any information whatsoever about the informant, and the failure of law enforcement’s corroborative effort to reveal any information that would make the report of criminal wrongdoing more probable. The absence of information here stands in instructive contrast to the substantial evidence collected by law enforcement in a recent case involving particularized suspicion. See State v. Martinez, 2003 MT 65, 314 Mont. 434, 67 P.3d 207 (Rice, J., dissenting). I thus join the Court in reversing the District Court.